# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| **MARY HASLERIG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:21-cv-00672** |
| | ) | **Judge Campbell / Frensley** |
| **BLANCHE PERRY, JANE HADDOCK,** | ) | |
| **and CENTURION MANAGED CARE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

### I.      Introduction and Background

Pending in this case is the Motion to Dismiss filed by Defendants MHM Health Professionals, LLC d/b/a Centurion Professionals;[1] Blanche Perry ("Perry"), and Jane Haddock ("Haddock") (collectively "Defendants"). Docket No. 14. Defendants maintain that Plaintiff's case should be dismissed under Fed R. Civ. P. 12(b)(5) for insufficient service. *Id.* at 1. Defendants further contend that the case should be dismissed under Fed R. Civ. P. 12(b)(6), arguing Plaintiff ("Haslerig") (1) fails to state a plausible claim with respect to her retaliation or failure to accommodate claims and (2) failed to exhaust administrative remedies with respect to her retaliation claim. *Id.* Along with the Motion, Defendants have contemporaneously filed a supporting Memorandum of Law. Docket No. 15. Plaintiff, who is proceeding pro se, has responded in opposition. Docket No. 16. Defendants have filed a reply in support of Defendants' Motion to Dismiss. Docket No. 17.

---

[1] Defendants stated that while Plaintiff's Complaint names "Centurion Managed Care" as a defendant, Plaintiff's actual employer was MHM Health Professionals, LLC d/b/a Centurion Professionals ("MHM Health Professionals"). Docket No. 15, p. 1.

On July 29, 2021, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Docket No. 1-1, p. 1. The EEOC Charge alleged discrimination based on disability. *Id.*

On August 4, 2021, the EEOC closed the case and issued Plaintiff a "Right-to-Sue" letter. *Id.* at 2. On August 27, 2021, Plaintiff filed a Complaint initiating this action, attaching the right-to-sue letter demonstrating she had exhausted available administrative remedies with regards to her disability claim. Docket No. 1. Plaintiff filed a Supplement to her Complaint on September 24, 2021. Docket No. 6.

## II.     Factual Background[2]

Plaintiff was called into a meeting with a supervisor (Perry) and HR representative (Haddock) at MHM Health Professionals[3] on June 3, 2021, to discuss an incident that had previously occurred at MHM Health Professionals. Docket No. 1, p. 7. During that incident, Plaintiff asked a coworker for money that she had previously loaned to the coworker, causing the coworker to "get violent." *Id.* Plaintiff describes what occurred during the June 3, 2021, meeting:

> As I entered the room Supervisor Blanche Perry and HR Rep Jane
> Haddock asked me what I was doing with that, meaning my cane. I
> told them that I was having issues and I needed it to walk with. The
> [*sic*] told me I could not have that in the office.

*Id.*

After the meeting, Plaintiff stopped using her cane for three weeks. *Id.* Perry and Haddock informed her that she needed to provide a doctor's excuse to use her cane. *Id.* On June 25, 2021, Plaintiff gave a doctor's note, written by Plaintiff's primary care physician, to her manager Kulani Seka. *Id.* On the same day, Perry and Haddock called Plaintiff and stated that she could not "come

---

[2] For purposes of the instant Motion to Dismiss, all factual allegations in the Complaint are taken to be true.
[3] Plaintiff states that she "was called into a meeting for another issue at work." Docket No. 1, p. 7. When Plaintiff uses the word "work" in the Complaint, the Court infers that Plaintiff is referencing Defendant MHM Health Professionals, her employer at the time of the incident that gave rise to this claim. Docket No. 15, p. 1.

into work on Monday, because they needed more information from [her] Doctor [*sic*] Regarding [*sic*] the cane." *Id.* Perry and Haddock told Plaintiff that she would "receive some forms by email from the company Leave Administrator" for her doctor to complete. *Id.* She was out of work for four days, and she was required to use her personal time off, which depleted her balance. *Id.* Plaintiff's primary care physician faxed the additional forms to Haddock, and Plaintiff was allowed to return to work on July 2, 2021. *Id.*; Docket No. 6, p. 2. At the end of the Complaint, Plaintiff states, "I feel they were trying to retaliate against me on the count of the other issue." Docket No. 1, p. 7.

Plaintiff accepted another job on August 9, 2021, as she "was being mistreated since May of 2020." *Id.* at 5. She states, "I was there doing my job. I was put under undue stress, retaliation & had to suffer pain from my disability." *Id.* She states that she accepted this new position "in good faith." *Id.* at 6.

### III.    Law and Analysis

#### A.  Legal Standard

#### 1.  Service of Process

Fed. R. Civ. P. 4(c) requires that each defendant be served with a summons and a copy of the complaint. Unless service is waived, proof must be made to the court by the server's affidavit. Fed. R. Civ. P. 4(l). The plaintiff "bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington-Fayette Urban Cnty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001).

Rule 4(e) of the Federal Rules of Civil Procedure governs service of individuals. Rule 4(e) requires that an individual be served by:

3

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individuals personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(1)-(2).

Rule 4(h) of the Federal Rules of Civil Procedure governs service of corporations and other business entities. The following types of service are available:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual [i.e., following state laws for serving summons in an action brought in courts of general jurisdiction where the district court is located or service is made]; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant ...

Fed. R. Civ. P. 4(h)(1).

Thus, service may be achieved under applicable state law, or process may be "delivered" to an officer, managing or general agent, or other authorized agent.

Tennessee law allows for service by mail for both individual and corporate defendants. Tenn. R. Civ. P. 4.04(4), (10). Tennessee law provides:

Service by mail of a summons and complaint upon a defendant may be made by the plaintiff, the plaintiff's attorney or by any person authorized by statute. After the complaint is filed, the clerk shall, upon request, furnish the original summons, a certified copy thereof and a copy of the filed complaint to the plaintiff, the plaintiff's attorney or other authorized person for service by mail. Such person shall send, postage prepaid, a certified copy of the summons and a

4

               copy of the complaint by registered return receipt or certified return
               receipt mail to the defendant.

Tenn. R. Civ. P. 4.04(10).

### 2. Fed. R. Civ. P. 12(b)(6)

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), courts will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). Courts must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Under Rule 8(a)(2), however, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff cannot rely on "legal conclusions" or "threadbare recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679; *Twombly*, 550 U.S. at 556. According to the Supreme Court, "plausibility" occupies that wide space between "possibility" and "probability." *Iqbal*, 556 U.S. at 678. Any claim for relief must contain "a short and plain statement of the claim showing that a pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the...claim is and the grounds upon which it rests.'" *Id.* (citing *Twombly*, 550 U.S. at 555).

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson,* 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). "The basic pleading essentials are not abrogated in pro se cases." *Freeman v. Sullivan*, 954 F. Supp. 2d 730, 745 (W.D. Tenn. 2013) (citing Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989)). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 22, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003).

### 3.   Americans with Disabilities Act of 1990 - 42 U.S.C. § 12111, et seq.

Before filing an ADA claim in federal court, a plaintiff must exhaust administrative remedies by filing a Charge of Discrimination with the EEOC. *Williams v. NW. Airlines, Inc.*, 53 F. App'x 350, 351 (6th Cir. 2002); *see also Davis v. Sodexho, Cumberland College Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998). "Actions in federal court should not be restricted by the failure of a complainant to attach the correct legal conclusion to the EEOC claim, conform to procedural technicalities, or include the exact wording which might be required in a judicial pleading." *Tisdale v. Fed. Exp. Corp.*, 415 F.3d 516, 527 (6th Cir. 2005) (internal quotations omitted).

EEOC Charges should be "liberally construed" because they are frequently prepared by laypersons unfamiliar with legal technicalities and acting without advice of counsel. *Id.* Moreover, "the EEOC complaint should be liberally construed to encompass all claims reasonably expected to grow out of the charge of discrimination." *Randolph v. Ohio Dept. of Youth Servs.*, 453 F.3d 724, 732 (6th Cir. 2006) (internal quotations omitted).

6

The ADA prohibits covered employers from discriminating against a "qualified individual on the basis of disability" with regard to hiring, advancement, training, termination, employee compensation, and "other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

For a claim of failure to accommodate, a plaintiff must show that (1) she is disabled; (2) she is otherwise qualified for the position such that she can perform the essential functions of the job, with or without reasonable accommodation; (3) the defendant employer knew or had reason to know of her disability; (4) an accommodation was needed; and (5) the defendant employer did not provide the necessary accommodation. *Johnson v. Cleveland City Sch. Dist.*, 443 F. App'x 974, 982 (6th Cir. 2011).

For a claim of retaliation, a plaintiff must show that (1) she engaged in activity protected under the ADA; (2) the defendant employer knew of that activity; (3) the defendant employer took an adverse action against her; and (4) there was a causal connection between the protected activity and the adverse action. *Rorrer v. City of Stow*, 743 F.3d 1025, 1046 (6th Cir. 2014) (citing *A.C. ex rel. J.C. v. Shelby Cty. Bd. of Educ.*, 711 F.3d 687, 697 (6th Cir. 2013)); *Bullard v. Fedex Freight, Inc.*, 218 F. Supp. 3d 608, 618-19 (M.D. Tenn. 2016).

## B. The Case at Bar

### 1. Service of Process

Defendants argue that Plaintiff has failed to effectuate proper service of process and seek dismissal of Plaintiff's claims under Fed. R. Civ. P. 12(b)(5). Docket No. 15, p. 4. Specifically, Defendants assert that "Plaintiff has not filed or obtained a summons, and she has not properly served her Complaint or Supplement on any of the Defendants." *Id.* at 3. In response to Defendants' argument, Plaintiff states:

> I served the plea notices for the claim of disability discrimination.
> All three defendants were mailed certified mail Haddock and

Perry's envelope were addressed to them at the Regional office located at 50 Century Blvd, Ste 150, Nashville, TN 37214. All mail goes through the administrative assistant's desk.

Docket No. 16, p. 1.

Plaintiff asserts that she served the Defendants "plea notices," but it is unclear what Plaintiff means when she uses the words "plea notices." *Id.* Furthermore, Plaintiff alleges that she used "certified mail." *Id.* However, Tennessee procedural rules require that a Plaintiff serving by mail use "registered return receipt or certified return receipt mail." Tenn. R. Civ. P. 4.04(10). Plaintiff does not specify if the "certified mail" she used included a return receipt. Docket No. 16, p. 1. Furthermore, the Court does not have any affidavit on file attesting that service was properly effectuated, does not have record of a return receipt, and does not have record that Plaintiff obtained a summons. While the Court does not have any record that Plaintiff properly effectuated service and Plaintiff does not address these concerns with any specificity, the matter was returned to the undersigned to oversee service of the Defendants. Docket No. 12. The Court feels confident any deficiencies could be resolved. However, even if service had been properly perfected, the undersigned recommends dismissal of Plaintiff's claims on other grounds.

## 2. Plaintiff's Claims Against the Individual Defendants

Defendants argue that Plaintiff's causes of actions against Perry and Haddock should be dismissed with prejudice because the ADA does not provide for individual liability. Docket No. 15, p. 8. Defendants are correct in their assertion regarding individual liability under the ADA. *See Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808 n.1 (6th Cir. 1999) (stating that individual supervisors who do not independently qualify under the statutory definition of employers cannot be personally liable under the ADA). Haslerig does not attempt to establish that Perry and Haddock satisfy the definition of "employer" under the ADA. Docket No. 1, p. 7. Thus, the Court recommends that all claims against Perry and Haddock be dismissed.

### 3. Failure to Exhaust Administrative Remedies with Respect to Plaintiff's Retaliation Claim.

Although Plaintiff does not check the retaliation box on the Complaint sheet, it appears that she may be alleging a retaliation claim in the Complaint. Docket No. 1, pp. 4, 7. Defendants assert that, in addition to improperly effectuating service, Plaintiff's retaliation claim should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to exhaust her administrative remedies. Docket No. 14, p. 1. In the Complaint, Plaintiff states that she "was put under undue stress, retaliation & had to suffer pain from [her] disabilities." Docket No. 1, p. 6. Although unclear, the Complaint suggests that Plaintiff is alleging that she was retaliated against because she asked her coworker for her money back. *Id.* at 6. Importantly, she does appear to allege that her employer retaliated against her because she filed her EEOC charge. *Id.*

"[A] plaintiff 'must file a charge with the EEOC before filing a complaint alleging ... discrimination in federal court.'" *Troxler v. MAPCO Express*, No. 3:11-cv-00890 2012 WL 4484939, at *8 (M.D. Tenn. Sept. 27, 2012) (citing *Spengler v. Worthington Cylinders,* 615 F.3d 481, 489 (6th Cir.2010)). However, "where facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." *Davis*, 157 F.3d at 463. Furthermore, specifically regarding retaliation claims, the court in *Talbot v. Cuyahoga Cnty. Bd. of Mental Retardation & Developmental Disabilities*, explains:

> Although retaliation claims stemming from the filing of a *currently pending* EEOC charge need not be included in that charge, "retaliation claims based on conduct that occurred *before* the filing of the EEOC charge must be included in that charge."

No. 1:07CV2862, 2009 WL 312941, at *4 (N.D. Ohio Feb. 6, 2009) (internal citations omitted) (emphasis in original).

In her EEOC charge, Plaintiff alleges she was discriminated against due to her disability "in violation of the Americans with Disabilities Act Amendments Act of 2008 [*sic*]." Docket No. 1-1, p. 1. The Charge of Discrimination includes a specific check box for a retaliation claim, and Plaintiff did not check the box. *Id.* Furthermore, Plaintiff did not mention any facts in the "particulars section" of the EEOC charge that would indicate a claim of retaliation. *Id.* Plaintiff writes only five sentences in the particulars section of the EEOC charge, in which she mainly discusses her accommodation request. *Id.* She states:

> I am employed with the above named employer as a Scheduling Coordinator since around February 22, 2020. The company employs more than fifteen employees.
>
> Around June 25, 2021, I requested a reasonable accommodation and was not allowed to return to work until the [*sic*] received additional information from my medical provider. On July 2, 2021, I returned to work I was granted my accommodation and I am still currently employed with the company.
>
> I believe that I have been discriminated against due to my disability, in violation of the Americans with Disabilities Act Amendments Act of 2008.

*Id.*

Plaintiff makes no mention of any adverse event taken against her and makes it clear that (1) her work granted her accommodation and (2) she was still employed with the company at the time of filing the EEOC charge. *Id.* Again, it does not appear that Plaintiff is alleging in the Complaint that her employer retaliated against her because she filed the EEOC charge. Docket No. 1, p. 7. Thus, even reading her EEOC charge broadly, the Court agrees with Defendants that Plaintiff has failed to exhaust administrative remedies with respect to her retaliation claim as the facts in the EEOC charge do not indicate a retaliation claim. Docket No. 1-1, p. 1; *see Deister v. Auto Club Ins. Ass'n*, 647 F. App'x 652, 658 (6th Cir. 2016) (holding the plaintiff failed to exhaust

10

administrative remedies with respect to his ADA retaliation claim when on the EEOC Charge the plaintiff did not check the retaliation box and the narrative section did not include facts indicating a retaliation claim). It further appears that Plaintiff voluntarily left her position based on alleged mistreatment "since May 2020" thus known to her at the time she filed her EEOC charge; and not in retaliation for engaging in any protected activity. *Id.*; Docket No. 1, p. 5. The Court finds that Plaintiff's retaliation claim does not arise from the EEOC charge and recommends that Plaintiff's retaliation claim be dismissed for failure to exhaust administrative remedies.

**4. Failure to State a Claim Upon Which Relief Can Be Granted with Respect to Plaintiff's Retaliation Claim**

Even if Plaintiff's retaliation claim were properly before the Court, it fails for other reasons. Plaintiff alleges that she feels that Defendants "were trying to retaliate against [her] on the count of the other issue." Docket No. 1, p. 7. It appears that the "other issue" to which she refers is her asking for her money back from her coworker. *Id.* Defendants maintain that Plaintiff fails to state a retaliation claim under the ADA. Docket No. 15, p. 11. The Court agrees with Defendants that Plaintiff fails to state a claim upon which relief can be granted with respect to her retaliation claim. Plaintiff requested an accommodation and filed an EEOC charge. Docket No. 1-1, p. 1; Docket No. 1, p. 7. However, these activities do not form the basis of Plaintiff's retaliation claim. Docket No. 1, p. 7. Instead, it appears that Plaintiff is alleging that Defendants retaliated against her because she asked a coworker for previously loaned money. *Id.*

Asking a coworker for money is not an activity that the ADA protects. As the court in *Rorrer v. City of Snow* stated:

> The ADA is not, however, a catchall statute creating a cause of action for any workplace retaliation, but protects individuals only from retaliation for engaging in, or aiding another who engages in, activity covered by the ADA. 42 U.S.C. § 12203(a). "Protected activity typically refers to action taken to protest or oppose a statutorily prohibited discrimination." *Goonan v. Fed. Reserve Bank*

11

> *of New York,* 916 F. Supp. 2d 470, 484-85 (S.D.N.Y. 2013)
> (citing *Cruz v. Coach Stores, Inc.,* 202 F.3d 560, 566 (2d Cir.
> 2000)).

743 F.3d at 1046.

Asking one's coworker for money to be returned is not an activity protected by the ADA as it is not an activity taken to oppose statutorily prohibited discrimination. *See id.* Rather, it is an activity that concerns personal matters between coworkers. Thus, Plaintiff fails to state a claim of retaliation, and, therefore, Plaintiff's retaliation claim should be dismissed. *Mich. Flyer, L.L.C. v. Wayne Cnty. Airport Auth.*, 138 F. Supp. 3d 899, 902 (E.D. Mich. 2015) (explaining that to state a claim of retaliation the plaintiff must plead that the protected activity caused or motivated the adverse action against the plaintiff) (citing *Rorrer*, 743 F.3d at 1046). As the retaliation claim is dismissed due to Plaintiff's failure to allege retaliation motivated by a protected activity, the Court does not need to address Defendants' argument that Plaintiff did not face an adverse employment action.

5. **Failure to State a Claim Upon Which Relief Can Be Granted with Respect to Plaintiff's Failure to Accommodate Claim**

Defendants contend that Plaintiff's failure to accommodate claim should be dismissed under Fed. R. Civ. P. 12(b)(6) because Plaintiff failed to state a facially plausible claim. Docket No. 14, p. 1. The Court agrees with Defendants that Plaintiff has failed to state a claim upon which relief can be granted with respect to her failure to accommodate claim. Specifically, the Court agrees with Defendants that because Plaintiff was granted her accommodation request at work, she does not state a failure to accommodate claim. *See Johnson*, 443 F. App'x at 982. Plaintiff points out that Defendants did not immediately grant her accommodation request and required her to provide medical documentation. Docket No. 1, p. 7. Defendants took seven days after receiving the first doctor's note to grant Plaintiff's accommodation request, and, in the meantime, her

employer was gathering additional information from Plaintiff's doctor. *Id.* However, "employers are entitled to medical documentation confirming the employee's disability and need for accommodation." *Tchankpa v. Ascena Retail Group, Inc.*, 951 F.3d 805, 812 (6th Cir. 2020) (citing *Kennedy v. Superior Printing Co.*, 215 F.3d 650, 656 (6th Cir. 2000)). The Court does not believe a delay of seven days is unreasonable in this instance. "[E]mployers need not immediately implement or accept accommodations proposed by an employee." *Id.* at 812-13 (citing *Gerton v. Verizon S. Inc.*, 145 F. App'x 159, 168 (6th Cir. 2005)). Thus, because Defendants ultimately granted her accommodation request, Plaintiff fails to state a claim upon which relief can be granted. Docket No. 1, p. 7.

## IV. Conclusion

For the reasons discussed above, the undersigned finds that Plaintiff failed to properly serve all Defendants, two of the Defendants cannot be held liable under the ADA as they are individuals, Plaintiff did not exhaust administrative remedies with respect to her retaliation claim, and Plaintiff failed to state a claim with respect to her retaliation claim and her failure to accommodate claim. Accordingly, the undersigned recommends that Defendants' Motion to Dismiss (Docket No. 14) be **GRANTED.**

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this

13

Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**

14